Strafford,
No. 4272.

ARTHUR GLIDDEN, *by his mother and next friend, & a.*

*v.*

WILLIAM H. BROWN.

Argued December 7, 1954.

Decided December 31, 1954.

324

*McCabe & Fisher, Paul B. Urion* and *Harold D. Moran* (*Mr. Moran* orally), for the plaintiffs.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the defendant.

LAMPRON, J. Plaintiffs maintain that the defendant was negligent as a matter of law when he poured this volatile liquid on the charcoal stove. Their contention is based admittedly on the case of *Olena* v. *Company*, 82 N. H. 408, 414. In our judgment there are essential differences in the two cases.

It was held in the *Olena* case that, if the decedent was burned from the exploding of oil while she was pouring it on a hot fire in

a stove, she would be guilty of contributory negligence as a matter of law.

In this case the defendant testified that he asked Arthur's father and his uncle, who were trying to start a fire in the charcoal stove, if there was any fire in it before he poured the anti-freeze and that they said: "No, there is no fire in there." He also testified: "I couldn't see any visible fire myself . . . I asked was there any fire in the place, and from my own observation, I could see none there . . . As I looked at the stove, I could see no smoke or blaze—no fire whatever . . . I didn't think it was necessary [to put my hand on the stove to see if it was hot] from the standpoint that there had been no fire in the stove."

The explosion demonstrated conclusively that there must have been some fire or heat in the stove at the time, but if the defendant's testimony was entitled to belief, and this was a question for the jury, we cannot say that his conduct was negligent as a matter of law. *Webster* v. *Seavey*, 83 N. H. 60, 61; *Buffum* v. *Buffum*, 89 N. H. 210, 213. Defendant's negligence not being the sole conclusion which reasonable men could draw from these facts, plaintiffs' motions for a directed verdict and for judgment notwithstanding the verdict were properly denied (*Ali* v. *Gingras*, 97 N. H. 289, 290; *Boothby* v. *Prescott*, 97 N. H. 504, 505) as was their motion to set aside the verdict as against the law, the evidence, the weight of the evidence and because defendant was guilty of negligence as a matter of law. *Condiles* v. *Waumbec Mills*, 95 N. H. 127; *Treadwell* v. *Company*, 98 N. H. 504, 508.

That part of plaintiffs' motion to set aside the verdict because "the jury was confused and influenced by passion and prejudice and fell into a plain mistake" was properly denied. *Goddard* v. *Hazelton*, 96 N. H. 231, 233. After deliberating for about ninety minutes the jury asked the Court for more instructions on the Mary Glidden claim. They asked if her claim could be allowed "even if we find the defendant not negligent, even though we find him to be the cause of the accident." The Court in the presence of counsel instructed the jury on the questions of due care, causation and contributory negligence. We find no error in these instructions and it is to be presumed that they and those previously given were followed by the jury in arriving at their verdict. *Leonard* v. *Manchester*, 96 N. H. 115, 120.

Both counsel made pre-view statements and the Court permitted the defendant, over plaintiffs' objection, to make an opening state-

ment immediately after that of plaintiffs. They also excepted to the ruling that the defendant would be permitted to make an additional opening after the close of their evidence. Defendant's counsel however then merely stated to the jury that "in view of the fact that you listened to evidence for a day and now know what this case is all about, we will make no further opening at this time." We can see no prejudice in the conduct of the trial in this manner. *LaCoss* v. *Lebanon,* 78 N. H. 413, 417; Bowers, Judicial Discretion of Trial Courts, s. 281; 53 Am. Jur. 357.

Plaintiffs objected to cross-examination by the defendant pertaining to physical facts existing at the scene of the accident and the location of the parties with respect thereto. They argue that it should have been excluded as being argumentative. There was nothing improper in its allowance by the Trial Court.

R. L., c. 119, s. 47 and s. 48a, as inserted by Laws 1949, c. 127, relate to persons operating motor vehicles transporting explosives as a cargo or part thereof on a public highway. Their provisions are not applicable to the issues and the Trial Court properly refused to instruct the jury thereon. *Watson* v. *Company,* 96 N. H. 487.

Describing what transpired before the accident witnesses for the plaintiffs testified substantially that the defendant walked up to the stove with a can in his hand and said "Lets give it a drink" poured the liquid and the explosion occurred. Defendant testified that he first went over to where the plaintiffs' party was and asked if he could help and said "I have got something in a can; we can pour it on the fire and it will start quickly." He further testified that he then went after the can of anti-freeze about ten feet away, came back and poured the liquid on the stove without any further conversation taking place. Plaintiffs' counsel wanted to recall two of his previous witnesses to testify on rebuttal that the events did not take place as the defendant testified. The Court ruled that nothing new having been brought out in the way of a defense plaintiffs' witnesses would only be repeating what they had said before and this was not proper rebuttal. This exclusion did not constitute an abuse of discretion. VI Wig. Ev. (3rd *ed.*) s. 1873.

Defendant's counsel stated in argument that "when [the defendant] came back, he said to them, in effect, 'Is there any flame, spark or fire in there?'" Defendant's testimony was "I think when I went back, I said 'There's no fire?' and the man on my right

said, 'No.'" The Court instructed the jury to take the evidence as they remembered it, not as counsel quoted it. The Court's denial of plaintiffs' motion to set aside the verdict implies a finding that they were not prejudiced by this argument. This finding is sustainable and the exception is overruled. *Russell* v. *Stores*, 96 N. H. 471, 477; *Fissette* v. *Railroad*, 98 N. H. 136, 143.

*Judgment for the defendant.*

All concurred.